LOUIS R. MILLER, State Bar No. 54141
smiller@millerbarondess.com
A. SASHA FRID, State Bar No. 216800
sfrid@millerbarondess.com
LUKAS J. CLARY. State Bar No. 251519
lclary@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Plaintiffs
ESTES AUTOMOTIVE GROUP INC., DBA
MERCED HYUNDAI, ESTES HOLDING
COMPANY, LLC, JIM ESTES, and
CARL SCHNEIDER

ANTHONY E. SONNETT, ESQ.
asonnett@sonnettingold.com
SHARON E. SONNETT, ESQ.
ssonnett@sonnettingold.com
SONNETT ♦ INGOLD
333 South Grand Avenue, Suite 3550
Los Angeles, CA 90071
Telephone:  (213) 628-2200
Facsimile:  (213) 628-2221

Attorneys for Defendant
HYUNDAI MOTOR AMERICA

JEFFREY L. FILLERUP, ESQ.
Jfillerup@luce.com
NHUNG LE, ESQ.
nle@luce.com
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II
121 Spear Street, Suite 200
San Francisco, CA 94105-1582
Telephone:  (415) 356-4600
Facsimile:  (415) 356-3881

Attorneys for Defendants
HYUNDAI CAPITAL AMERICA, JOHN MORIARTY
and SAM FROBE

**(Caption Continued On Next Page)**

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

1

STIPULATED PROTECTIVE ORDER

70072.1

1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| ESTES AUTOMOTIVE GROUP, INC. DBA MERCED HYUNDAI, a California Corporation, ESTES HOLDING COMPANY, LLC, a California limited liability company, JIM ESTES, and CARL SCHNEIDER, an Individual,<br><br>                              Plaintiffs,<br><br>        v.<br><br>HYUNDAI MOTOR AMERICA, a California Corporation, HYUNDAI CAPITAL AMERICA, FORMERLY KNOWN AS HYUNDAI MOTOR FINANCE COMPANY, a California Corporation, JOHN MORIARTY,  an Individual, SAM FROBE, an Individual, and Does 1-10 Inclusive,<br><br>                              Defendants. | CASE NO. SACV10-00287 JVS (RNBx)<br><br>Complaint Filed: March 9, 2010<br>Honorable James V. Selna<br><br><br>**ORDER RE STIPULATED PROTECTIVE ORDER** |

///
///

STIPULATED PROTECTIVE ORDER

70072.1

The parties to the above-captioned lawsuit possess information related to the subject matter of this action that is confidential, and they recognize that in the course of discovery proceedings, it may be necessary to disclose such information. Much of this information is, in turn, protected as trade secrets and confidential business and other information, or is otherwise protected from public disclosure by law. Accordingly, each party wishes to ensure that such information shall not be used for any purpose other than the proceedings in this case.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to protect such information, the parties to this action, by and through their respective counsel, enter into this stipulated protective order (hereafter, "Protective Order") as follows:

1.   Application of Protective Order

All information, testimony, things or documents filed with the Court, or produced or given (either by a party or non-party) as part of discovery in this action shall be governed by this Protective Order, including without limitation all testimony, transcripts, exhibits, answers to interrogatories and other discovery requests, copies thereof, other documents and things, and all information otherwise obtained from a party pursuant to discovery and/or trial in this litigation that any party designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereafter, collectively referred to as "Confidential Material"). The provisions of this Protective Order shall apply to (i) the parties to this action (including any agents, employees, insurers, advisors, consultants, representatives, partners, successors, heirs and assigns); (ii) their respective counsel of record in this action (including other members of the respective legal teams who agree to be bound by the terms of this Protective Order, such as their partners, in-house counsel of a respective party, associates, employees, paralegals, expert consultants and expert witnesses) ("Counsel"); and (iii) any other person who produces or discloses Confidential Material in this action and who agrees to be bound by the terms of this Protective Order.

STIPULATED PROTECTIVE ORDER

70072.1

2.     Confidential Designation

A party may designate as "CONFIDENTIAL" the whole or portion of any document or thing that the party reasonably believes in good faith, in accordance with F.R.C.P. Rule 26(c) contains confidential information, including but not limited to research, development, financial, technical, marketing, product planning, personal and/or commercial information not readily available to the public.

3.     Confidential- Attorneys' Eyes Only Designation.

A party may designate as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" the whole or that portion of any confidential information that the party reasonably believes in good faith, in accordance with F.R.C.P. Rule 26(c) contains highly sensitive information that, if disclosed to a competitor or a person who the party reasonably believes to have interests that are aligned with a competitor, would or may cause competitive harm, including but not limited to any (a) trade secrets, (b) confidential or competitively sensitive research, development, financial or commercial information, or (c) highly sensitive personal information (such as credit information, addresses and/or social security numbers). In addition, for confidential information which a party in good faith reasonably believes contains especially sensitive information, the disclosure of which to a competitor or a person who the party reasonably believes to have interests that are aligned with a competitor would likely result in harm to that party may further designate such confidential information as "COMPETITIVELY SENSITIVE." If another party's counsel believes that such designation of a document or documents is overly broad, they may seek relief from this order.

4.     Designating and Marking Confidential Material.

Confidential Matter shall be designated and marked as follows:

A.     Documents: Documents may be designated as "CONFIDENTIAL" by placing on each page the following legend (or equivalent thereof) on any such document: "CONFIDENTIAL." Documents may be designated as

4

STIPULATED PROTECTIVE ORDER

70072.1

"CONFIDENTIAL - ATTORNEYS' EYES ONLY" by placing on each page the following legend (or equivalent thereof) on any such document: CONFIDENTIAL - ATTORNEYS' EYES ONLY."

B.   <u>Magnetic Or Optical Media Documents</u>: The parties agree that for materials on magnetic or optical media (such as CD or DVD), the medium container and the medium itself shall both be marked or labeled with the appropriate confidentiality notice as described in Paragraph 4(A) above, and the contents thereof shall be treated in accordance with this Protective Order. Notwithstanding the foregoing, documents which are contained on magnetic or optical media will be printed out by the producing party and stamped with the appropriate confidentiality notice and produced to the other party in paper format, unless such production shall result in the aggregate production exceeding the equivalent of (10) bankers' boxes of documents, in which case the parties shall meet and confer to determine whether to share the cost of creating an electronic production database whereby confidentiality designations can be automatically applied.

C.   <u>Physical Exhibits</u>: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in Paragraph 4(A) above.

D.   <u>Written Discovery</u>: In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality designation as described in Paragraph 4(A) above shall be placed on each answer or response that contains Confidential Material.

E.   <u>Deposition Proceedings</u>: Whenever Confidential Material is to be disclosed in a deposition, prior to making such disclosure, the party proposing to do so shall inform the witness on the record that the use of such information is subject to the terms of this Protective Order. If any person other than the witness is present at the deposition and does not come within the categories of persons

defined in Paragraphs 8 or 9 of this Protective Order, that person shall not be permitted to be present while Confidential Material is used during the deposition. Notwithstanding the foregoing, attorneys shall not be precluded from examining a witness concerning any Confidential Material if the record reveals that the deponent or witness authored that material or previously received that material in the normal course of business.

F.   <u>Designation of Transcripts</u>: The attorney for any party or third party shall designate portions of a deposition transcript as Confidential Material by making such designation on the record during the deposition. The portions designated during the deposition as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be separated and treated as provided in Paragraphs 8 or 9 of this Protective Order (as appropriate) and shall be fully subject to the relevant provisions of this Protective Order. Transcripts that are not so designated on the record shall nevertheless be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" until thirty (30) days after receipt of the deposition transcript by counsel for the witness during which period counsel for the witness may designate those portions of the deposition transcript (including exhibits) as Confidential Material (as appropriate). All portions of any deposition transcript not designated as Confidential Material shall be free from the provisions of this Protective Order.

5.   <u>Inadvertent Misdesignation</u>.

A designating party that inadvertently fails to mark an item as Confidential Material (or marks an item with an incorrect designation of confidentiality) at the time of production shall not be deemed to have waived in whole or in part any claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Any such misdesignated material shall be correctly designated as Confidential Material as soon as reasonably possible after the producing party becomes aware of the incorrect

6

STIPULATED PROTECTIVE ORDER

designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item appropriately marked. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked (or incorrectly marked) items and all copies thereof.

6.      Challenging Designation of Confidential Materials

        Any party may, in good faith, challenge the designation of Confidential Material in writing. Following receipt of such a written challenge, the parties shall have five (5) business days to attempt to negotiate a resolution of the challenge after which time the party objecting to the designation may file a motion with this Court seeking a determination that the designation is inappropriate.  Any motion challenging a designation must be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  The designating party shall bear the burden of establishing that the challenged designation was appropriate under the terms of this Agreement and that the requirements for the issuance of protective order under F.R.C.P. Rule 26(c) have been satisfied. Notwithstanding the existence of any challenge to any designation made hereunder, the parties shall treat all Confidential Material as protected under the terms of this Protective Order until such time as the Court issues an order to the contrary.

**LIMITATIONS ON USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL**

7.      Use of Confidential Material

        All Confidential Material shall be used only for the purposes of this lawsuit and not for any other litigation, business, personal or other purposes whatsoever. Unauthorized use of Confidential Material includes, but is not limited to, disclosure of such materials to the public or inclusion of such materials in pre- or post-termination publicity regarding the litigation or disclosure of such materials to any person who is not authorized by Paragraphs 8 or 9 to have access to such

STIPULATED PROTECTIVE ORDER

70072.1

materials.

8.      Disclosure of "Confidential-Attorneys' Eyes Only" Materials

Confidential Material designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be given, shown, made available or communicated in any way to anyone other than:

A.      Counsel - In-house counsel and outside counsel of record for the respective parties to this litigation, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel.

B.      Consultants and Experts - Consultants or expert witnesses retained specifically for the prosecution or defense of this litigation, provided that each such person has been cleared in accordance with the procedures set forth in Paragraph 11 below.

C.      Judicial Personnel - The Court, Court personnel and Court reporters in connection with this action.

D.      Designated Representatives - Designated representatives who are employees or officers of the party designating the material as Confidential-Attorneys' Eyes Only, provided that each designated representative executes, before receiving the disclosure, a copy of the Certification attached to this Protective Order as Exhibit A.

E.      Witnesses - Witnesses where at least one of the following conditions applies:

i.      The witness is a current employee of the designating party;

ii.      The attorney taking the deposition and showing the witness the Confidential Material represents the designating party;

iii.      The witness's name appears on the Confidential Material as a person who has previously seen or had access to the Confidential Material or is otherwise established that the witness has previously seen or had access to the Confidential Material or knows the information contained within it;

STIPULATED PROTECTIVE ORDER
70072.1

iv.    The designating party has consented on the record of the deposition to the showing of the Confidential Material to the witness; or

v.    At least ten (10) days before a deposition, a party wishing to show the witness the Confidential Material notifies the designating party of that desire, with a specific listing of the Confidential Material to be so shown, and the designating party fails to object in writing to such showing within that ten (10) day period, but if an objection in writing is made, such Confidential Material will not be shown to the witness until and unless the party wishing to show the Confidential Material to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

Witnesses being shown Confidential Material under subparagraphs (E)(i)-(v) shall not be allowed to retain copies of the Confidential Material. A witness who was shown Confidential Material during a deposition, however, may review the Confidential Material while reviewing his or her transcript, provided that any Confidential Material is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

9.    <u>Disclosure of "Confidential" Materials</u>.

Confidential Material designated as "CONFIDENTIAL" may be revealed to the persons designated in Paragraph 8 above, as well as to designated representatives who are employees or officers of any named party to the litigation, provided that each designated representative executes, before receiving the disclosure, a copy of the Certification attached to this Protective Order as Exhibit A.

10.    <u>Clearing of Consultants and Experts to see Designated Materials.</u>

Prior to the disclosure to a consultant or expert witness of Confidential Material, the party wishing to make the disclosure shall cause the Consultant/Expert to execute the Consultant/Expert Certification form attached hereto as Exhibit B.  In addition, prior to making a disclosure of Confidential

9

STIPULATED PROTECTIVE ORDER

Material, the party wishing to make the disclosure shall provide the other party a current copy of the Consultant/Expert's curriculum vitae. Unless the other party objects within five (5) calendar days of receiving the curriculum vitae, the disclosure of confidential information may be made. Should a dispute arise as to whether a party may disclose information to a Consultant/Expert, the objecting party must demonstrate that notwithstanding the execution of the Consultant/Expert Certification form, the Consultant/Expert is likely to violate the terms of the Consultant/Expert Certification, causing competitive harm to the objecting party. The parties agree that non-testifying Consultants or Experts identified pursuant to this paragraph will not be deposed or contacted, formally or informally, by the party to whom disclosure of their identity is made.

11.     <u>Submission of Confidential Material to the Court</u>.

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

12.     <u>Protecting Confidential Material</u>

Any person who receives any Confidential Material shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material. No copies of any Confidential Material shall be made except to the extent necessary for litigation. If the duplicating process by which copies of Confidential Material are made does not reproduce the CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" stamp appearing on the original, all copies shall be

STIPULATED PROTECTIVE ORDER

stamped with the original CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation. All copies of Confidential Material shall be kept in secure areas of the offices of Attorneys of record or experts who are consulted concerning this matter. Documents contained on magnetic or optical media which are printed out by the receiving party shall be labeled with the same designation in which they were produced in paper format and as designated on the media itself. No persons other than those listed in Paragraphs 8 and 9 may make or cause to be made any copies of Confidential Material.

13.   Improper Disclosure of Confidential Material

If any Confidential Material is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the designating party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including without limitation the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

14.   Conclusion of Litigation

All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under F.R.C.P. 59 or 60 and the conclusion of any appeals or motions for such relief, a party in possession of Confidential Material shall either (a) return all such Confidential Material no later than thirty (30) days after conclusion of this action to counsel for the party or non- party who provided such information, or (b) destroy all such Confidential Material within the time period upon consent of the designating party

STIPULATED PROTECTIVE ORDER
70072.1

and certify in writing within thirty (30) days that the documents have been destroyed. Notwithstanding anything to the contrary above, the parties and their outside counsel shall be entitled to retain one copy of the pleadings and correspondence in the action for their files, provided that they return or destroy all exhibits to such pleadings or correspondence that have been designated as Confidential Material.

15. <u>Attorney-Client Privilege and Work Product Protections</u>

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved. The parties agree not to argue that the disclosure itself constitutes a waiver of any applicable privilege.

**GENERAL PROVISIONS**

16. <u>Jurisdiction</u>

Any person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

17. <u>No Admissions</u>

Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, and adherence to this Protective Order in no way constitutes an

12

STIPULATED PROTECTIVE ORDER

70072.1

admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential or a trade secret. Further, nothing herein shall be deemed to waive any applicable privilege or work-product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection or to affect any party's right to use its own documents and its own Confidential Material in its sole and complete discretion. In addition, adherence to this Protective Order in no way constitutes a waiver of any party's right to object to any discovery requests or admission of evidence on any grounds or to affect any party's right to seek an order compelling discovery with respect to any discovery request.

18.   <u>Subpoenas Issued in Other Actions</u>

     Nothing contained in this Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER

70072.1

19.    <u>Modification of Protective Order</u>

Any party for good cause may apply to the Court for a modification of this Protective Order. In the event such an application is made, the parties shall be bound by the terms of this Protective Order unless and until it is modified by the Court.

Stipulated and Agreed Upon by:

DATED:  July _____, 2010          SONNETT ◆ INGOLD


By:_____
      Anthony E. Sonnett
      Sharon E. Sonnett
      Attorneys for Defendant
      HYUNDAI MOTOR AMERICA

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By:_____
      Nhung Le
      Attorneys for Defendants
      HYUNDAI CAPITAL AMERICA, JOHN
      MORIARTY and SAM FROBE

MILLER BARONDESS, LLP


By:_____
      Lukas J. Clary
      Attorneys for Plaintiffs
      ESTES AUTOMOTIVE GROUP INC. DBA
      MERCED HYUNDAI, ESTES HOLDING
      COMPANY, LLC, JIM ESTES, and CARL
      SCHNEIDER

IT IS SO ORDERED.

DATED: <u>July 21,</u> 2010

_____
      Hon. Robert N. Block
      United States Magistrate Judge

14
STIPULATED PROTECTIVE ORDER

70072.1

Exhibit A

**Certification Concerning Material Covered By Stipulated Protective Order**

I, the undersigned, hereby certify that I have read and understand the attached Protective Order entered in *Estes Automotive Group Inc. v. Hyundai Motor America, et al.*

I understand that Confidential Material being provided to me is governed by the terms of this Protective Order. I agree to be bound by the terms of the Protective Order and to submit to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceeding related to the enforcement of this Protective Order. I understand that a violation of the terms of the Protective Order may be grounds for a possible penalty of contempt of court. I will not disclose Confidential Material to anyone other than persons specifically authorized by the Order or use the Confidential Material for any purpose other than this case. I will maintain all such Confidential Material including copies, notes or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes or other transcriptions made therefrom to the counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties:

_____

Dated: _____        Signature: _____

70072.1

<u>Exhibit B</u>

**<u>CONSULTANT/EXPERT CERTIFICATION</u>**

I, the undersigned, hereby certify that I have read and understand the attached Protective Order entered in *Estes Automotive Group Inc. v. Hyundai Motor America, et al.*

I understand that Confidential Material being provided to me is governed by the terms of this Protective Order. I understand the terms of this Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court for the Central District of California with respect to any proceeding related to the enforcement of this Protective Order. I understand that a violation of the terms of the Protective Order may be grounds for a possible penalty of contempt of court. I will not disclose Confidential Material to anyone other than persons specifically authorized by the Order or use the Confidential Material for any purpose not appropriate or necessary to my participation in this case.

I will maintain all such Confidential Material including copies, notes or other transcriptions made therefrom in a secure manner to prevent unauthorized access to it. I will return the Confidential Material including copies, notes or other transcriptions made therefrom to the counsel from whom I received such materials.

I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action. If, at any time after I execute this Consultant/Expert Certification and during the pendency of the Action, I become engaged in business as or for a competitor of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in

///

///

///

70072.1

this action, and I will not thereafter review any Confidential Material unless and until the Court in the action orders otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties:

_____

Dated: _____   Signature: _____

70072.1